NATIONAL SURETY COMPANY, APPELLANT, V. S. J. LARSON ET AL., APPELLEES.

FILED JUNE 18, 1931. No. 27676.

*Mapes, McDuffee & Mapes,* for appellant.

*Peterson & Barta* and *Fred S. Berry, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

This is an action on an indemnity bond, alleged to have been executed to indemnify plaintiff from loss by reason of its having signed a county depository bond for the First National Bank of Wausa, hereinafter called the bank. At the date of this indemnity bond defendants were directors or stockholders of the bank. One of the defenses relied upon is that the bond in question is without consideration and was never acted or relied upon by the plaintiff. Trial was had to a jury, resulting in a verdict and judgment thereon for defendants. Plaintiff has appealed.

Plaintiff for reversal argues that two of the instructions given by the court are erroneous, and that the verdict is not sustained by the evidence and is contrary to law.

The following facts are reflected by the record: Plaintiff signed a county depository bond for the bank, running to Knox county, in the penal sum of $10,000, to protect the county, for a period of four years, from loss by reason of deposit of its funds in the bank. The bond bears date December 20, 1922. In October, 1924, the bank appeared to be in financial difficulties, and about the 1st of November was, in effect, reorganized, at which time the defendants became stockholders and some of them directors of the bank. Before reorganization of the bank, plaintiff, becoming alarmed at the prospect of liability upon the depository bond, had considerable correspondence with the officers of the bank relative to a reduction of county deposits in the bank, and to a reduction in the amount of its bond. After the bank was reorganized the deposits were increased so as to exceed the amount of the original depository bond. There were negotiations then for an additional bond.

It appears that none of the defendants had any knowledge of the existence of the depository bond, given in 1922, until this action was begun. There is evidence from which it might be inferred that defendants, when they signed the indemnity bond sued on, were doing so with respect·

to a new bond to be furnished by the plaintiff. No such new bond was ever furnished. That question was submitted to the jury. They found for the defendants.

We think there was sufficient evidence to justify the submission of the question to the jury. Clearly, if the indemnity bond in this suit was signed by the defendants for the purpose of securing a new bond, to be thereafter issued, and no such bond was ever issued, then there was no consideration for the bond, and defendants would not be liable thereon because of the fact that plaintiff had, two years previously, signed a depository bond.

We have scrutinized the instructions criticized and find that they properly submitted the issues to the jury.

No error prejudicial to plaintiff has been found. The judgment is therefore

AFFIRMED.